UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 91-CR-384 (RER)

───────────────────

UNITED STATES OF AMERICA

versus

SPYREDON VELENTZAS

───────────────────

**MEMORANDUM & ORDER**

April 15, 2024

───────────────────

**RAMÓN E. REYES, JR., U.S.D.J.:**

Before the Court is Spyredon Velentzas' ("Defendant") fourth application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (ECF No. 293). After carefully reviewing the record, and for the reasons set forth herein, the Motion is denied.[1]

## BACKGROUND

I. Defendant's Conviction and Sentence

In 1992, a jury found Defendant guilty of eleven of thirteen counts of an indictment, convicting Defendant of Racketeer Influenced and Corrupt Organizations ("RICO"),

---

[1] The Court also denies Defendant's request for appointment of counsel. (ECF No. 294). There is no constitutional or statutory right to counsel in compassionate release applications pursuant to 18 U.S.C. § 3582(c). *United States v. Fleming*, 5 F.4th 189, 193 (2021) (citation omitted). The Court may appoint counsel using its discretion, "which should be exercised bearing in mind, among other things, 'the merits of the indigent's claim,' 'the nature of the factual issues the claim presents,' as well as the party's 'apparent ability to present the case.'" *United States v. Collado*, No. 14-CR-731 (LTS), 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). Here, because Defendant's motion for compassionate release is not meritorious, appointment of counsel is unwarranted.

gambling, and loansharking offenses. (ECF No. 299 ("PSR") at 11). A mistrial was declared on the remaining two counts. (Calendar Entry dated 6/18/1992). A new trial was held in February 1993 on those two counts, and Defendant was subsequently convicted of conspiracy to commit murder and murder of Sorecho Nalo ("Nalo") in aid of RICO activities in violation of 18 U.S.C. §§ 1952B(a)(5) and 1952B(a)(1). (PSR at 5–6). Defendant was purportedly a Luchese Crime Family associate, and as retaliation for Nalo's alleged encroachment on Defendant's gambling operation, Defendant lured Nalo to a location where a hitman for the Luchese Family shot and killed him. (*Id.* at 5–7). On May 21, 1993, Defendant was sentenced to life imprisonment for the murder conviction, in addition to concurrent terms of five to twenty years on the other convictions. (Calendar Entry dated 5/21/1993). Defendant's convictions were affirmed on appeal. *See United States v. Nicolappolous*, 30 F.3d 381 (2d Cir. 1994); *Velentzas v. United States*, 513 U.S. 1059 (1994) (denying certiorari). Defendant's subsequent motions pursuant to 28 U.S.C. §§ 2255 and 2241 were denied. *See Velentzas v. United States of America*, Memorandum and Order dated May 18, 2004, 02-CV-3155 (E.D.N.Y.); *Velentzas v. Wilson*, No. 4:17-CV-028 (O), 2019 WL 399071 (N.D. Tex. Jan. 30, 2019).

II.     Prior Applications for Compassionate Release

On November 27, 2019, Defendant filed his first motion for a reduced sentence, also referred to as "compassionate release," pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that his age, chronic physical health conditions, and cognitive impairments were extraordinary and compelling circumstances that warranted his release. (ECF No. 261 at 8–11). Defendant also asserted that he was innocent of Nalo's murder. (*Id.* at 10). The Honorable Denis R. Hurley denied Defendant's motion holding that: (1) Defendant failed

to demonstrate that he was no longer a danger to the safety of the community; and (2) Defendant's age and medical condition did not rise to extraordinary and compelling reasons because the records in support of the application were incomplete, indicated a history of noncompliance with medical advice, and did not support Defendant's claim that he had a diminished capacity for self-care. (ECF No. 267 at 8–12).[2]

On November 5, 2020, Defendant filed a second motion for compassionate release asserting that the COVID-19 pandemic and his advanced age and severe medical conditions put him at extreme risk of death and suffering. (*See generally* ECF No. 278). Judge Hurley denied Defendant's motion because he failed to exhaust administrative remedies. (ECF No. 282 at 2).

On June 2, 2022, Defendant filed a third motion for a reduced sentence, arguing that his medical and mental condition, the COVID-19 pandemic, his actual innocence, and sentencing errors supported his release.[3] (*See generally* ECF No. 291). Judge Hurley again denied Defendant's motion, finding that because "not one shred of medical evidence has been submitted in support," no extraordinary and compelling circumstances existed. (ECF No. 292 at 5–6). Further, Judge Hurley held that Velentzas' claims of actual innocence had already been adjudicated and his reliance on purported sentencing errors were an attempt to circumvent a habeas corpus petition's requirements. (*Id.* at 6–7). Although extraordinary and compelling reasons were not present, Judge Hurley went on

---

[2] This case was reassigned to me on March 19, 2024, following Judge Hurley's retirement. (*See* Order dated 3/19/2024).

[3] Defendant labeled this third motion for compassionate release his "second" motion, when, in fact, it was his third motion.

3

to explain that even if they were, the evaluation of the § 3553(a) sentencing factors did not warrant a sentence reduction. (*Id.* at 7).

III.     The Current Application

On March 15, 2024, Defendant filed consecutive motions seeking: (1) a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 293); and (2) expedited consideration of the Motion or, in the alternative, an order permitting special visitation by Defendant's family while Defendant is in the hospital (ECF No. 295). Prior to making the current Motion, Defendant sought administrative relief from his institution's warden on April 18, 2023. (ECF No. 293, Ex. 1 ("Def.'s Mem.")). In support of his Motion, Defendant asserts that extraordinary and compelling reasons exist that warrant his release because he suffers from late-stage dementia and "lacks the ability to provide self-care without the assistance of an 'inmate buddy,'" and as such, his cognitive impairments require specialized care that the Bureau of Prisons is not equipped to offer. (*Id.* at 11–13). In his request for expedited consideration, Defendant asserts that he was transported to a local hospital "where it is believed that he is suffering from gastrointestinal bleeding, along with numerous tumors on his liver." (ECF No. 295 at 1). Because of the severity of his condition, Defendant claims that he will likely be provided with palliative, rather than rehabilitative, care. (*Id.*)

Because Defendant did not provide any medical records corroborating the severity of his conditions, the Court ordered the Government to obtain and produce Defendant's updated medical records. (ECF No. 296). The Government provided those records on March 22, 2024. (ECF No. 297). The medical records indicated that "[c]ritical illness protocol was activated" due to the severity of Defendant's condition. (ECF No. 297, Ex. 3

at 2). Based upon the medical evidence, the Court granted Defendant's motion for expedited consideration in part by permitting visitation from Defendant's immediate family under reasonable terms at the medical facility where he is currently being housed, but reserved ruling on the Motion. (Order dated 3/22/2024). On March 27, 2024, the Government submitted a letter opposing Defendant's Motion, arguing that the § 3553(a) sentencing factors weigh against any sentence reduction. (ECF No. 298 ("Gov't's Mem.")).

## DISCUSSION

I.   <u>Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i)</u>

"A court may not modify the term of imprisonment once it has been imposed except pursuant to statute." *United States v. Freeman*, No. 96-CR-527 (PKC), 2023 WL 6517466, at *3 (E.D.N.Y. Oct. 5, 2023) (quotation omitted). One such statutory exception is § 3582(c)(1)(A)(i), which "empowers a court to reduce a defendant's term of imprisonment if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 422 (S.D.N.Y. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). This statute, as amended by the First Step Act, permits a district court to modify a defendant's sentence upon a showing that (1) the defendant satisfied the statutory exhaustion requirement, (2) "extraordinary and compelling reasons warrant such reduction," and (3) a sentence reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also Freeman*, 2023 WL 6517466, at *3. Thus, when evaluating a motion for compassionate release, if a court finds that

extraordinary and compelling reasons exist, it must then determine whether the § 3553(a) factors support release. *See United States v. Schwarzkopf*, No. 21-CR-117 (EK), 2022 WL 706508, at *1 (E.D.N.Y. Mar. 9, 2022) (demonstrating the existence of extraordinary and compelling reasons "renders [a defendant] eligible for, but not entitled to, a sentence reduction; the court must still consider the Section 3553(a) factors anew"); *United States v. Fernandez*, 853 F. App'x 730, 732 (2d Cir. 2021) (summary order) ("Even if 'extraordinary and compelling circumstances' exist, a district court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before granting a sentence reduction.") (quoting 18 U.S.C. § 3582(c)(1)(A)). "[D]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (quotation omitted).

II.  The Defendant Satisfied the Statutory Exhaustion Requirement

The court may consider a defendant's motion for compassionate release after the exhaustion of "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant asserts that he sought administrative relief from his institution's warden on April 18, 2023, which was denied on May 23, 2023. (Def.'s Mem. at 4). The Government does not refute this assertion. Accordingly, Defendant has satisfied the statutory exhaustion requirements.

III.     Extraordinary and Compelling Reasons Exist

"[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Accordingly, when a defendant directly brings a motion for compassionate release, although a district court is not bound by the Sentencing Commission's policy statement of what is considered extraordinary and compelling, it may use the policy statement as guidance. *See id.* at 237–38 (the "only statutory limit . . . is that rehabilitation alone shall not be considered an extraordinary and compelling reason"); *see also United States v. Johnson*, 671 F. Supp. 3d 265, 279 (2023) ("[c]ourts may but are no longer required to consider the Sentencing Commission's standard"); *United States v. Thrower*, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020) (using the Sentencing Commission's policy statements regarding medical conditions as guidance).

The applicable policy statement explains that extraordinary and compelling reasons may exist due to, as relevant here, a defendant's medical circumstances and/or their age. U.S.S.G. §§ 1B1.13(b)(1), (2). With respect to what type of medical circumstances form the basis of extraordinary or compelling reasons, two apply here: (1) terminal illness, or (2) "serious functional or cognitive impairment" or "deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* §§ 1B1.13(b)(1)(A)–(B). Likewise, age may present an extraordinary or compelling circumstance if the defendant is at least sixty-five years old, "is experiencing a serious deterioration in physical or mental

health because of the aging process," and has served at least ten years or seventy-five percent of his term of imprisonment, whichever is less. *Id.* § 1B1.13(b)(1)(2).

Here, on March 13, 2024, the Bureau of Prisons' Health Services notated that, due to Defendant's condition, "[c]ritical illness protocol was activated several days ago." (ECF No. 297, Ex. 3 at 2). In brief, the medical records indicate that Defendant suffers from gastrointestinal bleeding, metastatic lesions to the liver and bone, and dementia. (*Id.* at 2–3). The records further indicate that Defendant uses a wheelchair and is unable to attend to his basic needs without the assistance of fellow inmates. (*See, e.g.*, *id.* at 17, 23). Although the records do not make this statement, Defendant's motion for expedited request asserts that he is receiving palliative care, rather than rehabilitative treatment. (ECF No. 295 at 1). Furthermore, Defendant is eighty-nine years old and has served thirty-three years of a life sentence. (*See* Gov't's Mem. at 2; ECF No. 297, Ex. 3). Accordingly, Defendant has demonstrated that extraordinary and compelling reasons exist because he has a terminal illness; suffers serious cognitive impairments from which he is unable to recover and prevents him from meeting his own needs; and is over sixty-five years old and is experiencing a serious deterioration in both physical and mental health and has served over ten years of his sentence.

IV.  <u>Section 3553(a) Factors Do Not Warrant Sentence Reduction</u>

Although extraordinary and compelling reasons exist, those reasons do not outweigh the consideration of § 3553(a) factors. The § 3553(a) factors include the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need to deter criminal conduct; the need to protect

the public from the defendant; the need to provide the defendant with rehabilitation; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a); *see also United States v. Russo*, 643 F. Supp. 3d 325, 335 (E.D.N.Y. 2022).

"Because a sentence is a 'final judgment,' a subsequent court may not substitute its own assessment of the section 3553(a) factors for the sentencing court's simply because it might disagree with the latter's assessment." *Ebbers*, 432 F. Supp. 3d at 429 (citing 18 U.S.C. § 3582(b)). Rather, the court must assess whether any of the § 3553(a) factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *Id.* at 431.

Here, despite finding that no extraordinary and compelling reasons for sentence reduction existed, Judge Hurley evaluated the § 3553(a) factors in his order denying Defendant's third motion for compassionate release. (ECF No. 292 at 7). He wrote:

> [T]he Court has considered the §3553 sentencing factors and concludes that they do not support a reduction in sentence. Specifically, the nature and circumstances of the offense are heinous. This was not a crime of passion but a cold-blooded murder . . . The need to provide just punishment as well as general deterrence also weigh in favor of denial of this application. Those who commit murder in support of a criminal enterprise should be aware that they may well be required to serve the entirety of their sentence.

(*Id.*). Although there are situations where a defendant found guilty of murder may be eligible for compassionate release, that is not the case here. *See, e.g., Russo*, 643 F. Supp. 3d at 335 ("The argument can plausibly be made that no one convicted of murder should ever have their sentence reduced and that when a judge sentences a defendant to life for murder the judge intends that the defendant should die in prison . . . I do not

9

subscribe to that unyielding punitive concept in this case for a number of reasons[.]"). While Defendant's mental and physical conditions mitigate any potential threat on society, the evaluation of the remaining factors are the same as Judge Hurley's analysis less than two years ago. (*See* ECF No. 292 at 7). Defendant led a criminal gambling organization and worked with members of organized crime to execute a murder, and he never accepted responsibility nor demonstrated remorse for his actions. (*See, e.g.*, ECF No. 288) (in support of his second motion for sentence reduction, Defendant wrote a letter blaming the Court for his incarceration, rather than expressing any hint of remorse or acceptance of his past); (*see also* PSR at 13–18). A life sentence, as Judge Hurly stated, reflects the seriousness of these offenses and serves as a warning to others engaged in criminal conduct. (ECF No. 292 at 7). Therefore, the § 3553(a) factors do not warrant a compassionate release.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Motion Requesting Appointment of Counsel. The Court's Order dated March 22, 2024 remains in effect, and Defendant shall be permitted visitation by immediate family at the facility where he is being housed under reasonable terms as agreed to by the United States Marshal Service, the Bureau of Prisons, and the medical facility. The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to Defendant and note mailing on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.04.15 15:59:59 -04'00'
_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: April 15, 2024
        Brooklyn, NY